**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald K. Klepper, | No. CIV 03-0847-PCT-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| The City of Page, Arizona, et al., | |
| Defendants. | |

Defendants have filed a motion for attorney's fees (Doc. 108), a supplemental statement for consultation (Doc. 111) and supporting memorandum. (Doc. 110). Plaintiff pro se has filed a response in opposition (Doc. 112) and Defendants have filed a reply (Doc. 113). The Court has determined that oral argument would not materially assist in the disposition of Defendants' motion for attorney's fees.

I.

Background.

Plaintiff filed this action asserting six claims for relief based on the termination of his contract as City Manager for the City of Page, Arizona. The named Defendants included the City of Page, J. Dean Slavens, the Mayor of the City of Page, and City Councilors of the City of Page Wes Berry, Dan Brown, John Kocjan, and William R. Robinson. Defendants filed a motion for partial summary judgment within approximately two weeks of filing an answer to the complaint. (Doc. 12, 13). On September 29, 2004, the Court entered an Order

granting in part and denying in part Defendants' motion for partial summary judgment. (Doc. 66). The Court granted summary judgment in Defendants' favor on Plaintiff's federal claims based on violation of due process premised on deprivation of property rights, liberty interest, free speech, privacy rights and unlawful retaliation under 42 U.S.C. § 1983 (Count IV), and his state or common law claims based on breach of contract (Count I), breach of the implied covenant of good faith and fair dealing (Count II), and tortious interference with contractual relations (Count V).  The Court denied Defendants' summary judgment motion as to the claim based on violation of Arizona's Open Meeting Law (Count VI). Plaintiff's remaining claim was based on violation of the Arizona Employment Protection Act, A.R.S. §§ 23-1501 et seq. ("AEPA") (Count III).  Defendants' motion for partial summary judgment did not address Plaintiff's AEPA claim.

Following entry of the Order on summary judgment, the parties filed cross motions for entry of judgment under Fed.R.Civ.P. 54(b).  The Court issued an Order denying these motions.  (Doc. 96).  Plaintiff thereafter filed a motion for voluntary dismissal of his remaining claims asserted in Counts III and VI, under Fed.R.Civ.P. 41(a)(2). Plaintiff moved for voluntary dismissal of these claims without prejudice asking that judgment be entered so he could proceed with an appeal of the Order on partial summary judgment.  Defendants did not oppose Plaintiff's motion so long as Plaintiff withdrew his motion to file an amended complaint seeking to add a defamation claim which was pending at that time.  Plaintiff thereafter filed a notice that he was withdrawing his motion to amend the complaint.  The Court entered an Order granting Plaintiff's voluntary dismissal of his remaining claims (Counts III and VI).  These claims were dismissed without prejudice and a Final Judgment was entered. Plaintiff has filed notice of appeal (Doc. 109).

## II.

### Defendants' motion for attorney's fees.

Defendants' motion for attorney's fees was timely filed and has been presented in the format described in LRCiv. 54.2, Local Rules of Practice for the District of Arizona.

- 2 -

1   Defendants seek a fees award in the sum of $50,447.50 claiming success as to all of
2   Plaintiff's six claims for relief.

3         The Court has reviewed Defendants' memorandum and supporting documents relevant
4   to the motion for attorney's fees.  Defense counsel has submitted an itemized statement of
5   the fees incurred showing each task undertaken and the fee assessed for each identified task.
6   (Doc. 110, Exhibit A to counsel's affidavit). Plaintiff has included with his response  a chart
7   that details his objections to many if not all of the tasks and fees set forth in defense counsel's
8   itemized fee statement.  (Doc. 112, Exhibit 4).  Plaintiff objects to Defendants' itemized fee
9   statement on several grounds, including that it is excessive and that the costs and fees
10  applicable to each specific claim are not specifically identified as to that claim.  Plaintiff also
11  objects that Defendants and their counsel did not make a good faith attempt to consult with
12  him regarding the attorney's fees issue or to arrange a conference to consult with Plaintiff
13  about an award of attorney's fees.  Plaintiff also states that an award of attorney's fees would
14  work an extreme hardship because he is without gainful employment and is suffering from
15  certain medical impairments. Defendants respond that Plaintiff refused to engage in any
16  discussions about their request for attorney's fees and that Plaintiff operates his own business
17  and has not provided evidence of extreme hardship.  Defendants further state that counsel's
18  time on discovery issues was spent in large measure on responding to Plaintiff's often
19  overbroad, unduly burdensome and non-relevant discovery requests.

20        At the outset, the Court notes that this case did not proceed to trial.  The docket sheet
21  shows that the parties engaged in some discovery, including exchanging documents and
22  document production.

23        Defendants seek attorney's fees as to Plaintiff's civil rights claims under 42 U.S.C. §
24  1988(b).  A prevailing defendant is entitled to attorney's fees under § 1988(b) only when the
25  plaintiff's claims are "groundless, without foundation, frivolous, or unreasonable." McCarthy
26  v. Mayo, 827 F.2d 1310, 1318 (9th Cir. 1987).  This standard is "stringent."  Hughes v. Rowe,
27  449 U.S. 5, 14 (1980), and is interpreted narrowly in cases involving pro se plaintiffs.  Miller
28  v. Los Angeles Cty. Bd. of Ed., 827 F.2d 617, 619 (9th Cir. 1987).  The Ninth Circuit has

recognized that attorney's fees in civil rights cases "'should only be awarded to a defendant in exceptional circumstances.'" <u>Saman v. Robbins</u>, 173 F.3d 1150, 1157 (9th Cir. 1999)(quoting <u>Barry v. Fowler</u>, 902 F.2d 770, 773 (9th Cir. 1990)). A case may be deemed frivolous only when the "result is obvious or the ... arguments of error are wholly without merit." <u>McConnell v. Critchlow</u>, 661 F.2d 116, 118 (9th Cir. 1981). The Ninth Circuit has instructed courts to "consider the financial resources of the plaintiff in awarding fees to a prevailing defendant" because "the award should not subject the plaintiff to financial ruin." <u>Miller</u>, 827 F.2d at 621.

The facts relevant to Plaintiff's employment termination are set forth in the Court's Order on partial summary judgment. (Doc. 66). In granting Defendants' motion for summary judgment on Plaintiff's claim of constitutional violation asserted in Count IV, the Court determined that Plaintiff had no expectation of continued employment and thus no property interest in his position as City Manager. Plaintiff served at the will of the City Council and his employment was terminable without cause. The Court also determined that Plaintiff held a policymaking position. The Court further found that Plaintiff had been offered a name-clearing hearing and that he had not been denied a pre-termination and post-termination hearing in light of the terms of his Employment Agreement.

The Court concludes that while Plaintiff's federal claim could not withstand Defendants' motion for summary judgment, the claim was not frivolous or unreasonable. This case does not present "exceptional circumstances" so as to warrant an award of attorney's fees. Moreover, Congressional policies which underlie 42 U.S.C. § 1983 include "vigorous prosecution of civil rights violations" and fees should not be awarded which might unduly chill civil rights litigation. <u>Miller</u>, 827 F.2d at 619.

Next, Defendants seek attorney's fees on Plaintiff's claims arising from contract asserted in Counts I, II and V based on A.R.S. § 12-341.01A. Section 12-341.01A provides in relevant part that, "In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." Subsection B of § 12-341.01 provides that "[t]he award of reasonable attorney fees pursuant to subsection A should be

1  made to mitigate the burden of the expense of litigation to establish a just claim or a just
2  defense."

3       The Court granted Defendants' summary judgment motion on Plaintiff's contract
4  claims based on the conclusion that Plaintiff's Employment Agreement was subject to
5  cancellation under the exception to the successor board doctrine as recognized by Arizona
6  courts.  Plaintiff in his position as City Manager and under the terms of his Employment
7  Agreement was answerable to the City Council and therefore the newly elected City Council
8  was entitled to select the City Manager. Plaintiff's Employment Agreement by its terms was
9  subject to cancellation without cause by majority vote of the City Council and Defendants
10  had fulfilled their obligation by paying Plaintiff a lump sum severance amount.  Plaintiff's
11  claim for tortious interference with contract did not withstand summary judgment because
12  the claim requires that the contract must be one between the plaintiff and a third party.

13       Under Arizona law, an award of attorney's fees under § 12-341.01(A) is within the
14  broad discretion of the trial court.  State Farm Mutual Automobile Ins. Co. v. Arrington, 963
15  P.2d 334, 340 (Ariz. App. 1998).  Defendants contend that attorney's fees should be awarded
16  on Plaintiff's claims arising from contract based on the conclusory assertion that Defendants
17  prevailed on these claims on summary judgment.  Plaintiff on the other hand has argued
18  against an award of fees by discussing the factors applied in Newbery Corp. v. Fireman's
19  Fund Ins. Co., 95 F.3d 1392 (9th Cir. 1996), that is, (1) whether the unsuccessful party's claim
20  or defense was meritorious; (2) whether the litigation could have been avoided or settled and
21  the successful party's efforts were completely superfluous in achieving this result; (3)
22  whether assessing fees against the unsuccessful party would cause an extreme hardship; (4)
23  whether the successful party prevailed with respect to all the relief sought; and (6) whether
24  the award would discourage other parties with tenable claims or defenses from litigating or
25  defending legitimate contract issues for fear of incurring liability for substantial amounts of
26  attorney's fees.  Id., at 1405-06.

27       Defendants have not made a sufficient showing that an award of attorney's fees is
28  warranted on Plaintiff's claims arising from contract.  In addition, although Plaintiff has not

1    proffered evidence of his financial condition, it can be assumed that an award of fees in the

2    amount requested by Defendants would unduly burden any civil plaintiff. This fact, coupled

3    with the possible discouraging effect of such an award on future civil litigants in contract

4    cases, supports the denial of the request. Moreover, Defendants' itemized fee statement does

5    not indicate which fee amounts were incurred on Plaintiff's claims arising from contract.

6        Finally, Defendants seek an award of attorney's fees as to Plaintiff's claims for

7    violation of the AEPA (Count III) and Arizona's Open Meeting Law (Count VI). In their

8    motion, Defendants cited A.R.S. § 12-349 which provides for an award of reasonable

9    attorney's fees if a party brings a claim in a court of record in Arizona without substantial

10   justification. Plaintiff argued in his response that in In re Larry's Apartment L.L.C., 249 F.3d

11   832, 837-39 (9th Cir. 2001), the Ninth Circuit rejected the right of a party to recover attorney's

12   fees in federal court under § 12-349. Defendants in their reply then cited 28 U.S.C. § 1927.

13   Section 1927 provides for recovery of costs, expenses and attorney's fees against an attorney

14   or other person admitted to conduct cases in any federal court "who so multiplies the

15   proceedings in any case unreasonably and vexatiously ..."

16       The Court denied Defendants' motion for summary judgment on Plaintiff's claim

17   based on Arizona's Open Meeting Law. Defendants did not move for summary judgment on

18   Plaintiff's AEPA claim. Plaintiff subsequently moved for voluntary dismissal of these claims

19   so he could appeal the Order entered on summary judgment. These claims were dismissed

20   without prejudice. Defendants are not entitled to an award of attorney's fees as to these

21   claims based on § 1927.

22       **Accordingly,**

23       **IT IS ORDERED** that Defendants' motion for an award of attorney's fees (Doc. 108)

24   is denied.

25       DATED this 27th day of March, 2006.

26

27   _____

28   Mary H. Murguia
     United States District Judge